**The UNITED STATES of America, Plaintiff,**

v.

**James M. DAILEY, a Single Man, Craig Taylor, and Valley Acceptance Corporation, Defendants.**

**No. CIV 89–426 PHX PGR.**

United States District Court, D. Arizona.

Oct. 4, 1990.

Michael A. Johns, Asst. U.S. Atty., Phoenix, Ariz., for U.S.

Michael P. Primiano, Phoenix, Ariz., for Valley Acceptance Corp.

## ORDER

ROSENBLATT, District Judge.

Pending before the Court is plaintiff's Motion for Summary Judgment. Having considered the entire record herein, the Court concludes that plaintiff is entitled to the entry of judgment in its favor.

The issue before the Court concerns whether plaintiff's purchase money mortgage lien has priority over defendant, Valley Acceptance's (Valley) lien. Plaintiff argues, and the court agrees, that purchase money mortgages have priority over prior recorded judgment liens. Thus, the Deed of Trust between the Veterans Administration (VA) and defendant, James M. Dailey (Dailey), which was entered into for the purchase of the real property in question, and which was recorded on October 2, 1986, has priority over Valley's simple judgment lien, which was recorded on April 26, 1985. Defendant Valley counters that the rule in Arizona regarding lien priority is that a prior recorded lien has priority over any subsequently recorded liens and takes issue with plaintiff's lack of persuasive authority.

The relevant facts are as follows: on or about September 19, 1986, defendant, Dailey, a single man, made, executed and delivered to the United States, as beneficiary, a Trust Deed Note in the principal sum of $44,500.00, with interest thereon at the rate of 10% per annum on the unpaid principal. The principal and interest were to be paid in monthly installments. The note provided that in the event of default in the payment of any installment, the entire sum of principal and accrued interest would, at the option of the holder of the note, become immediately due and payable.

As part of the same transaction, and to secure payments of this note, Dailey executed and delivered to the United States a Deed of Trust, also dated September 19, 1986, upon certain real property situated in Maricopa County, Arizona. The Deed of Trust was recorded in the office of the Maricopa County Recorder on October 2, 1986. The Deed of Trust provides that, upon the occurrence of any default, thereunder, the trustee shall have the option to foreclose the Deed of Trust in the manner provided by law. The note and deed of trust were executed for the purpose of purchasing the real property, previously mentioned, from the VA.

The VA is the present owner and beneficiary of the Deed of Trust. Default has been made in the payment of the installments due on the note and plaintiff declares the whole sum of principal and interest immediately due and payable. As of November 15, 1989, the sum of $57,967.08 consisting of principal, interest, advancements and charges made by the VA under the provisions of the Deed of Trust, is now due and payable.

While the Court is not aware of any published decisions to support plaintiff's argument, the Court finds that a few courts have allowed purchase money mortgage priority. Accordingly, the Court takes a similar stand on this issue of apparently first impression in Arizona.

In *Nelson v. Stoker*, 669 P.2d 390, 394 (Utah, 1983) the court states the general rule as follows:

> In most states, if the purchaser of land upon receiving a conveyance thereof, as part of the same transaction executes a mortgage to the vendor to secure a part or whole of the purchase price, such mortgage, to the extent to which it actually secures purchase money, is entitled

to priority over any preexisting claims, which may be asserted in favor of another person against such land as the property of the purchaser, at least in the absence of an agreement between the parties subordinating the purchase money mortgage to other liens or claims. The vendor is under no obligation to examine the record to discover such claims . . .

The court goes on to state that the priority of purchase money mortgages is not limited to priority over only judgment liens, but to all equitable or legal liens. *Id.*

The policy behind allowing priority to purchase money mortgage liens is reliance. *Id.* The court contends that simple judgment creditors did not extend their credit relying on repayment from specific property. *Id.* The debtor had not yet obtained an interest in the property to which the judgment lien creditor's judgment attached. *Id.* Thus, there was no reliance. On the other hand, the purchase money mortgagee advanced real property which he anticipated secured monies due him. *Id.* As the *Nelson* court stated:

> Equity and justice justify the protection afforded a vendor who parts with his property on the faith that his mortgage or trust deed securing purchase monies loaned to the vendee is entitled to priority over any preexisting claims which may be asserted against the vendee mortgagor. To grant a preexisting judgment lien creditor a preference over a vendor's purchase money mortgage would be to bestow on that judgment lien creditor a pure windfall at the expense of a vendor.

*Id.* The Court concludes that the reasoning for priority of purchase money mortgages, as set forth in the *Nelson* opinion, is sound and accepted by this Court. Therefore,

IT IS ORDERED that the plaintiff's Motion for Summary Judgment, filed November 16, 1989, is granted.